**Bruce and Amanda ALLEN, Appellants,**

v.

**RODDIS LUMBER AND VENEER CO., et al., Appellees.**

**No. 13–90–026–CV.**

Court of Appeals of Texas, Corpus Christi.

June 22, 1990.

Rehearings Overruled Aug. 31, 1990.

Ken Dahlberg, Wood, Burney, Cohn & Bradley, Corpus Christi, for appellants.

Ben A. Culpepper, John M. Killian & Associates, San Antonio, Gaston M. Broyles, Jr., Redford, Wray & Woolsey, Rebecca R. Kieschnick, Clay E. Coalson, Meredith, Donnell & Abernethy, Corpus Christi, Irma Rangel and Michael James Krueger, Sharpe & Krueger, Kingsville, Kathryn Snapka, Law Offices of Kathryn Snapka, Darrell Barger, Amy Harren, Ray Alexander, Hunt, Hermansen, McKibben & Barger, Corpus Christi, James L. Walker, Matthews & Branscomb, San Antonio, for appellees.

Before KEYS, KENNEDY and SEERDEN, JJ.

OPINION

KEYS, Justice.

This is a summary judgment case. Appellants, Bruce and Amanda Allen, filed suit against appellees, Roddis Lumber and Veneer Company (Roddis), Chester W. Kyle d/b/a Kyle Homes and/or Kyle Properties Inc. (Kyle), City Lumber Company, Allen Furniture Company, and Bernhardt Industries, for damages arising from the alleged presence of formaldehyde in appellees' products. Appellees' motions for summary judgment alleged that appellants' causes of action were barred by the statute of limitations. They also alleged that as a matter of law no causation existed.

In the Allens' first amended petition, they alleged that on August 10, 1984, they were made aware that they had been exposed to products made by appellees which contained formaldehyde. Appellee Kyle built a home on Rettye Drive to which appellants had moved. Appellee Roddis furnished the building materials for the Rettye Drive townhouse. Appellee City Lumber furnished paneling for a home which appellants were remodeling on West Avenue H in Kingsville. Appellee Allen Furniture sold a buffet server to appellants which contained formaldehyde. This server was located in the West Avenue H home. Appellee Bernhardt manufactured the buffet server.

By appellants' first five points of error, they argue that the trial court erred in granting summary judgment in favor of the individual appellees because fact issues exist concerning the elements of their causes of action. They also assert that their lawsuit is not barred by limitations.

Roddis and Kyle filed similar motions for summary judgment. Roddis sold building materials and Kyle built the house containing the allegedly contaminated materials. Each of those appellees argued in their motions for summary judgment that they were entitled to summary judgment because the Allens' claims were barred by limitations and their summary judgment evidence showed no causation as a matter of law.

It is undisputed that the Allens filed suit on August 8, 1986. Amanda Allen testified by deposition that she and her husband moved into the Rettye Drive house in December 1979. She opined that something in the house was causing her health problems. She noticed health problems within two weeks of moving to the Rettye Drive house. Dr. Andrade testified by deposition that Mrs. Allen told him in December, 1983, that she believed her health problems were related to formaldehyde. Mr. Allen stated in his deposition, in an excerpt attached to Roddis' motion for summary judgment, that he had reason to believe on June 30, 1984, that formaldehyde was present in the particleboard of the Rettye Drive house. However, in response to the motion for summary judgment, the Allens filed affidavits stating that they did not know the materials used in constructing the Rettye Drive house had high levels of formaldehyde and were responsible for their conditions until a proper air test had been done and was received by them on August 10, 1984.

■ A deposition does not have controlling effect over an affidavit in a summary judgment case. *Randall v. Dallas Power & Lighting Co.,* 752 S.W.2d 4, 5 (Tex.1988). Thus, if conflicting inferences may be drawn from a deposition and an affidavit, a fact issue is created. *Id.*

■ Here, the two year statute of limitations is applicable. Tex.Civ.Prac. and Rem.Code Ann. § 16.003 (Vernon 1986), requires that a person bring suit not later that two years after the day the cause of action accrues in an action resulting in injury or death. There is a conflict in the case law concerning whether under the discovery rule a cause of action accrues when the plaintiff discovers the cause of the injury; or if the discovery rule concerns only the discovery of the injury itself. *See e.g., Corder v. A.H. Robins Co.,* 692 S.W.2d 194, 197 (Tex.App.—Eastland 1985, no writ); *Coody v. A.H. Robins,* 696 S.W.2d 154, 156 (Tex.App.—San Antonio 1985, no writ).

We hold that the correct rule is that the cause of action accrues when the plaintiff discovers the injury and its cause. With this in mind, we find that there is conflicting evidence concerning when appellants discovered the cause of their injury. Here, there is evidence sufficient to raise an issue of fact for summary judgment purposes that the appellants did not discover that the cause of their injury was definitely formaldehyde in the Rettye Drive house until August 10, 1984. This is within the applicable statute of limitations and is sufficient to raise a fact issue.

Appellees also argue that they established as a matter of law that formaldehyde was not the cause of appellants' injuries. Dr. Andrade, one of appellant's physicians, testified that there was nothing to indicate that Mrs. Allen's problems were related to formaldehyde. Likewise, Dr. Selner, in a letter to one of Mrs. Allen's physicians, stated that he found no evidence that formaldehyde was the culprit.

■ Appellants claim that the affidavit of Dr. Robert McLellan raises a fact issue on causation. Dr. McLellan stated in his affidavit that formaldehyde caused Mrs. Allen's problems. This affidavit was filed by appellants' on August 31, 1989. On that same date, both appellants also filed the affidavits stating that they did not know until August 10, 1984, that the Rettye Drive house contained excessive formaldehyde. Appellees' argue that this court not consider the affidavits to raise a fact issue because the trial court ordered responses to be filed by August 4, 1989.

The record reflects that the summary judgment was originally set for July 31, 1989. It was reset for August 17, 1989, to allow appellants additional time to obtain an attorney because the attorney previously representing them had withdrawn. The trial court indicated at the July 31, 1989, hearing that he would like all responses filed by August 4, 1989. The summary judgment was reset for September 7, 1989. The affidavit was filed seven days before the September 7, 1989, summary judgment hearing in accordance with Tex.R.Civ.P. 166–a. A written response or affidavit, filed on the seventh day before a hearing on summary judgment, will be deemed timely filed and may properly be considered without leave of court. *Wright v. Lewis,* 777 S.W.2d 520, 521 (Tex.App.—Corpus Christi 1989, writ denied). We find that the affidavits were timely filed. Nothing in the record shows that the trial court did not consider the timely filed affidavits; regardless, it appears that the court's deadline was made regarding an earlier setting, which was rescheduled. We believe that it would have been improper for the trial court to modify the rule to shorten appellants' time to respond to the motion when the rule specifically allows for response up to seven days before the summary judgment hearing. The only discretionary language in the rule allows the trial court to authorize a response within the seven day period prior to the summary judgment hearing. Nothing in the court's order indicates that the affidavits filed on August 31, 1989 were not considered.

Historically, Rule 166–a has been strictly construed. In keeping with that construction, we find that the affidavits filed on August 31, 1989, were timely filed. We also find that Dr. McLellan's affidavit is sufficient to raise a fact issue concerning causation. Appellants' first two points of error are sustained.

■ Appellants also complain of the summary judgment granted in favor of City Lumber, which sold some paneling to the appellants for use at the West Avenue H house. City Lumber uses the affidavit of Dr. Andrade in support of its motion for summary judgment. He stated that Mrs. Allen told him in December, 1983, she thought her problems were related to formaldehyde. City attaches appellants' first amended original petition to the motion, which states that they became aware of the formaldehyde problem on August 10, 1984. City also relies on the deposition of Amanda Allen in which she states that the addition to their home, for which they used the paneling, occurred in 1981. City also requested leave of court to file the affidavit of Sonny Fling, an employee of City Lumber. Fling states in his affidavit that Mrs.

Allen purchased the paneling in question sometime between July and October 1981. He states that he told Mrs. Allen at the time she made the purchase that the panels contained formaldehyde. This affidavit, filed on August 17, 1989, was properly on file as summary judgment evidence. There is nothing of record to show that the trial court rejected the filing of this document. The evidence shows that Mrs. Allen knew as early as 1981 that the paneling in the West Avenue H house contained formaldehyde. The summary judgment evidence also shows that she knew in December, 1983, that her problems related to formaldehyde. The Allens did not file suit until August, 1986. These facts, which are undisputed, show that the Allens discovered or should have discovered the cause of their injury sometime before December 1983, and knew as early as 1981 that the paneling contained the material that allegedly was causing their health problems. City bears the burden of proving as a matter of law that the case is barred by limitations. The Texas Supreme Court recently held, in a legal malpractice case, that a defendant seeking summary judgment must prove as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the facts establishing a cause of action. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990). In a summary judgment matter, the defendant has the burden of negating the discovery rule as a matter of law. *Id.* A defendant must prove when the cause of action accrued and must negate the discovery rule by proving as a matter of law that there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. We believe that the standard set forth in *Burns* is applicable here.

■ City's summary judgment evidence was that Mrs. Allen told Dr. Andrade in December 1983 that she thought her problems were related to formaldehyde. In 1981, appellants constructed the addition containing the paneling sold by City. The Allens knew, in 1981, that the paneling contained some formaldehyde. There is no controverting evidence to show that appellants discovered their injury from formaldahyde in the paneling at a later date than that shown in City's proof. City's proof shows that appellant knew that she was allegedly injured by excessive formaldehyde in December 1983 and that appellant knew two years prior thereto that the paneling contained formaldehyde. He did not file suit until August 1986. This evidence, as matter of law, negates the discovery rule. City's proof shows that appellants discovered or should have discovered that formaldehyde in the paneling caused their injuries more than two years prior to filing suit. Appellants' fourth point of error is overruled.

■ By appellants' next points, they complain about the summary judgment granted in favor of Allen Furniture and Bernhardt Industries. Both parties attach the affidavit of James Wayne Bumgardner, safety director at Bernhardt Furniture Company, as summary judgment proof on causation. He swears that the server in question would have emitted formaldehyde vapors less than 0.5 parts per million, which is below the action level established by OSHA and which could not have caused respiratory problems to anyone. Appellants counter this argument by stating that neither Allen nor Bernhardt established as a matter of law that the product did not contain formaldahyde, so there was no need for them to present evidence to raise a fact issue. They further argue that the affiant was not a medical doctor, so his affidavit could not negate causation as a matter of law. Appellants summary judgment proof does not attempt in any way to negate Bumgardner's affidavit. Thus, the only issue for this Court to decide is whether Bumgarner's affidavit establishes no causation as a matter of law.

Rule 166–a allows the affidavits of interested witnesses if they are clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted. Appellants' petition alleged that Allen Furniture and Bernhardt sold products containing excessive amounts of formaldehyde,

which caused their injuries. Bumgarden's affidavit establishes as a matter of law that the server in question did not contain excessive amounts of formaldehyde. He based his opinion on his experience as a safety director and his knowledge of the amount of formaldehyde the server emitted. This evidence negates causation as a matter of law. Appellants submitted a controverting affidavit to an earlier motion for summary judgment which is included in Allen Furniture's motion for summary judgment to attempt to prove Allen Furniture's limitations claim. In this affidavit, Amanda Allen claims that a series of tests were done on the residence, which included the server, which revealed that it contained harmful and dangerous levels of formaldehyde. This does not serve to raise a fact issue because it is a conclusion of a lay witness on a matter in which expert testimony is required. *See Garza v. Levin*, 769 S.W.2d 644, 646 (Tex.App.—Corpus Christi 1989, no writ); *Shook v. Herman*, 759 S.W.2d 743, 747 (Tex.App.—Dallas 1988, writ denied). Because Allen Furniture and Bernhardt established as a matter of law no causation, and because appellants have failed to raise a fact issue, summary judgment was properly rendered in favor of these defendants. Appellants' fourth and fifth points of error are overruled.

 Appellants allege in their sixth point of error that they did not receive twenty-one days notice before the hearing in accordance with Tex.R.Civ.P. 166–a. The record reflects that the motion was originally set for July 31, 1989. On that date, the trial court gave appellants additional time to find a lawyer to represent them. The hearing was reset for August 17, 1989. It was again postponed until September 7, 1989. Although the appellants concede that the first notice was timely, the notices resetting the hearing gave them less than the notice required by the rule. The record reflects that appellants were given proper notice of the July 31, 1989 hearing. The trial court allowed additional time for them to secure an attorney and any other information that wished to present to the court. This notice clearly complies with Rule 166–a; regardless, in order to complain of inad-

equate notice, appellants should have objected in the trial court and moved for continuance pursuant to Tex.R.Civ.P. 166–a(f). By participating in the hearing without objecting or requesting a continuance, appellants waived any potential error. *See e.g., Veal v. Veterans Life Ins. Co.*, 767 S.W.2d 892, 895 (Tex.App.—Texarkana 1989, no writ); *Davis v. Davis*, 734 S.W.2d 707, 712 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). Appellants' sixth point of error is overruled.

Appellants have also filed a motion to strike the statement of facts in this case, which has been carried with the case. We deny the motion.

The portions of the trial court's judgment in favor of appellees Roddis and Kyle on the products liability claims are RE-VERSED AND REMANDED. The portions of the judgment in favor of appellees City Lumber, Allen Furniture, and Bernhardt Industries are AFFIRMED.