**Armando SAENZ and Sylvia Saenz, Plaintiffs–Appellants,**

v.

**KELLER INDUSTRIES OF TEXAS, INC., et al., Defendants–Appellees.**

**No. 90–6041.**

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1992.

---

Steve McConnico, Jane Webre, Scott, Douglass & Luton, Austin, Tex., for plaintiffs-appellants.

Montgomery J. English, Hunt, Hermansen, McKibben & Barger, Corpus Christi, Tex., for defendants-appellees.

Carlos Villarreal, Corpus Christi, Tex., for Keller Industries & Channel Home Centers.

Before THORNBERRY, DAVIS, and WIENER, Circuit Judges.

THORNBERRY, Circuit Judge:

The Plaintiffs, Armando Saenz and his wife Sylvia Saenz, appeal the district court's grant of summary judgment against them. The Plaintiffs sued the Defendants in federal court on diversity grounds, asserting causes of action for negligence, products liability, breach of warranty, and deceptive trade practices. Although the Plaintiffs filed their suit within the limitations period, they did not obtain service upon the Defendants until after the statute of limitations expired. The district court entered summary judgment against the Plaintiffs based on the expiration of the statute of limitations, and the Plaintiffs appeal.

### Background

On April 25, 1985, the Plaintiffs purchased a ladder from Defendant Channel Home Centers, Inc. ("Channel") which had been manufactured by Defendant Keller Industries of Texas, Inc. ("Keller"). Mr. Saenz fell from the ladder approximately two years later, on April 20, 1987. The Plaintiffs sued Channel and Keller for negligence, products liability, breach of warranty, and deceptive trade practices, claiming that the ladder was defective and had caused the injuries suffered by Mr. Saenz when he fell.

The Plaintiffs filed their complaint on February 1, 1989. On the day the suit was filed, a secretary from the Plaintiffs' law firm delivered the paperwork to the courthouse. The secretary asked the clerk whether all the appropriate forms had been submitted, and the clerk told her that they had, although the summons request form required by the local rules was not attached. Because the request form was not submitted, the summons did not issue for service on the Defendants.

Over the following months, the secretary called the clerk's office several times to find out whether the Defendants had been served. Each time, the clerk told her that

service had not yet been accomplished. In a phone call on May 8, 1989, the clerk told the secretary that no summons was on file. The Plaintiffs' attorney then submitted a summons request form, and the Defendants were served on May 24, 1989.

The Defendants moved for summary judgment based on the expiration of the statute of limitations, arguing that the Plaintiffs failed to use due diligence in obtaining service, and that therefore, the statute of limitations did not toll when the Plaintiffs filed suit on February 1, 1989. The Plaintiffs offered two arguments in response. First, they claimed that they exercised due diligence to procure service on Defendants. They asserted that the actions taken by the law firm established due diligence under Texas case law, so the statute of limitations tolled when the suit was filed on February 1, 1989. Second, the Plaintiffs claimed that because Mr. Saenz was removed from the accident site immediately after he fell, he was unable to examine the ladder and discover its defect until June 20, 1987. They argued that the Texas discovery rule applies to toll the statute until Mr. Saenz discovered the cause of his injury, so the statute of limitations did not expire until June 20, 1989, approximately one month after the Defendants were served.

The district court rejected the Plaintiffs' arguments and granted the Defendants' motion for summary judgment. The district court held that Plaintiffs failed as a matter of law to exercise due diligence in procuring service on the Defendants. Therefore, the statute of limitations continued to run after the Plaintiffs filed suit. Furthermore, the district court held that the discovery rule did not apply to this case, so the two-year statute of limitations for the personal injury, products liability, and deceptive trade practices claims began to run on the date of injury. The district court also held that the four-year limitations period for Plaintiffs' warranty claim ran from the date of sale, expiring on April 25, 1989. The district court therefore granted summary judgment against the Plaintiffs on all claims.

*Discussion*

We review the district court's grant of summary judgment *de novo*. *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir.1988). We also review *de novo* questions of law decided by the district court. *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954, 959 (5th Cir.1991).

*Due Diligence*

 Texas law applies in a diversity case to determine whether the Plaintiffs tolled the statute of limitations when they filed suit. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 1979, 64 L.Ed.2d 659 (1980). In Texas, a plaintiff must not only file suit but also use due diligence in procuring service on the defendant in order to toll the statute of limitations. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). The determination of due diligence is usually a fact question; the standard is the ordinary prudent person standard. However, lack of due diligence may be found as a matter of law if the plaintiff offers no excuse for his failure to procure service, or if the plaintiff's excuse conclusively negates diligence. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex.App.—Dallas 1987, no writ); *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126 (Tex.App.—Texarkana 1986, no writ). In the present case, the district court found that, as a matter of law, the Plaintiffs failed to exercise due diligence because they failed to follow the district court's local rule requiring a summons request form as a prerequisite to the issuance of a summons.

 Upon review of Texas case law regarding this issue, we conclude that the district court erred by removing this issue from the jury. Only in rare instances have the Texas courts concluded that an excuse offered by the plaintiffs for failure to procure service negated the exercise of due diligence as a matter of law. Those cases presented facts indicating a much more egregious lapse in attorney diligence than indicated here. *See Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533 (Tex.

App.—Dallas 1987, no writ); *Reynolds v. Alcorn,* 601 S.W.2d 785 (Tex.Civ.App.—Amarillo 1980, no writ).

In addition, the Texas court of appeals decision in *Valdez v. Charles Orsinger Buick Co.* directs our reversal of the district court's grant of summary judgment. *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126 (Tex.App.—Texarkana 1986, no writ). In *Valdez,* the Texarkana court of appeals reversed a grant of summary judgment against a plaintiff under facts analogous to the present case. The plaintiff in *Valdez* failed to obtain service on a second defendant because the amount of the fee filed with the complaint covered service on only one defendant, even though local rules publicized the amount of the filing fee required for serving two defendants. A secretary at the plaintiff's law firm had telephoned the district clerk to find out the amount of the fee, and the clerk told her the amount of the fee for service upon only one defendant. A check for that amount was filed, so summons issued for service upon only one of the two defendants. The error was not discovered until after the statute of limitations had expired; service was obtained on the second defendant at that time. The district court granted summary judgment in favor of the defendant based on its finding that the plaintiffs failed as a matter of law to exercise due diligence in serving the second defendant. The Texarkana court of appeals reversed the district court's finding, holding that the plaintiff's explanation for the delay raised a fact issue regarding due diligence that must be submitted to a jury.

In light of *Valdez,* we must conclude that the explanation for delay offered by the Plaintiffs in this case—reliance on a miscommunication with the district clerk's office coupled with a failure to observe local rules—does not conclusively negate due diligence. We therefore reverse summary judgment on this issue and remand for a jury to determine whether the Plaintiffs used due diligence in procuring service on the Defendants.

*The Discovery Rule*

■ The district judge correctly held that the discovery rule does not apply in this case. In *Robinson v. Weaver,* the Texas supreme court articulated the parameters of the discovery rule:

[A] cause of action generally can be said to accrue at the time when facts come into existence which authorize a claimant to seek a judicial remedy. In personal injury actions, this means *when the wrongful act effects an injury, regardless of when the claimant learned of such injury.* An exception to this rule of accrual has been applied by this and many other courts in some situations in which *a claimant was unable to know of his injury at the time of actual accrual;* the exception is known as the "discovery rule."

*Robinson v. Weaver,* 550 S.W.2d 18, 19 (Tex.1977) (emphasis added). Mr. Saenz knew of his injury as soon as he fell from the ladder. Therefore, the general rule of accrual applies in this case, rather than the discovery rule, so the cause of action accrued on the date of injury, and the statute of limitations began to run on that date.

The Plaintiffs cite *Allen v. Roddis Lumber and Veneer Co.,* 796 S.W.2d 758 (Tex. App.—Corpus Christi 1990, writ denied), a Texas court of appeals decision extending the discovery rule to cases in which the plaintiff is unable to discover both his injury and its cause. The Plaintiffs' reliance on *Allen* is unavailing, however, because this court follows Texas court of appeals decisions only to the extent that they indicate how the Texas supreme court would rule on an issue. *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272, 274 (5th Cir. 1991). The Texas supreme court denied the writ of error in *Allen,* indicating dissatisfaction with the court of appeals' statement of the law, although declining to hear the case. *See* Texas Rules of Appellate Procedure Rule 133(a). As a federal court sitting in diversity, we must follow the Texas supreme court's explicit language in *Robinson v. Weaver* over the questionable authority of the Corpus Christi court of appeals' decision in *Allen.* We therefore

affirm the district court's finding that the discovery rule is inapplicable to the present case.

### Conclusion

For the foregoing reasons, we RE-VERSE the district court's finding that Plaintiffs' failed as a matter of law to exercise due diligence in procuring service on the Defendants, and AFFIRM the district court's refusal to apply the discovery rule. The case is REMANDED for a factual finding on the issue of due diligence.