**COMPUTER ASSOCIATES INTERNATIONAL, INC., Plaintiff,**

v.

**ALTAI, INC., Defendant.**

**No. CV 89–0811.**

United States District Court, E.D. New York.

Aug. 20, 1993.

Weil, Gotshal & Manges by Stephen D. Kahn, New York City, for plaintiff.

Ingersoll & Bloch, Chartered by Susan G. Braden, Reuben B. Robertson, Washington, DC, for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, Circuit Judge (sitting by designation):

In August 1988, Computer Associates ("CA") sued Altai, Inc. ("Altai"), alleging both copyright infringement and trade-secret misappropriation. After a bench trial, I held that Altai's OSCAR 3.4 computer program had infringed CA's copyrighted CA–SCHE-DULER program, but that Altai's OSCAR 3.5 program did not infringe CA's copyrighted ADAPTER because the two were not substantially similar. With respect to CA's trade-secret-misappropriation claim, I concluded that it was preempted by federal copyright law, *see* 17 U.S.C. § 301(a), and dismissed it accordingly. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F.Supp. 544 (E.D.N.Y.1991).

■ CA appealed from the portion of the judgment that dismissed its OSCAR 3.5 copyright-infringement and trade-secret claims. The second circuit affirmed the copyright infringement ruling, but vacated the preemption ruling and remanded the trade-secret claim for further proceedings. *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693 (2d Cir.1992). A misappropria-tion-of-trade-secrets claim is not preempted if it contains an "extra element" such that the nature of the state-law claim is "qualitatively different" than a federal copyright-infringe-ment claim. *Id.* at 716. The second circuit concluded that the "extra element" in CA's trade-secret claim was that Altai's use of copyrighted expression may have violated "a duty of confidentiality established by state law", *id.* at 719, and therefore the state-law claim was not preempted by federal law.

With respect to OSCAR 3.4, the second circuit remanded for "reconsideration of those aspects of CA's trade secret claims related to Altai's alleged constructive notice of Arney's theft of CA's trade secrets and incorporation of those secrets". *Id.* at 720. With respect to OSCAR 3.5, the second cir-cuit held that Altai had "actual notice of Arney's earlier trade secret violations" and remanded "for such further inquiry anticipat-ed by the district court". *Id.* at 721. On remand, the parties briefed the trade-secret issues under Texas law, as well as the stat-ute-of-limitations issue first raised in Altai's answer and further urged by Altai in its post-trial memorandum. CA also moved to reopen discovery and trial in order to pres-ent newly discovered evidence.

I conclude that CA's trade-secret claim is barred by the applicable statute of limita-tions. Therefore, the complaint is dismissed and CA's motion for reopening discovery is denied as moot.

## DISCUSSION

· The facts are set forth fully in my earlier decision, *Computer Assocs.*, 775 F.Supp. at 549–55, and the second circuit's opinion, *Computer Assocs.*, 982 F.2d at 697–700; fa-miliarity with those decisions is presumed.

■ In my previous opinion, I concluded that if CA's trade-secret claim had not been preempted, it would have been decided ac-cording to Texas law. *Computer Assocs.*, 775 F.Supp. at 566. On appeal, the second cir-cuit agreed with my choice-of-law analysis.

*Computer Assocs.*, 982 F.2d at 718. While some states have adopted the Uniform Trade Secrets Act, which establishes a three-year limitations period, *see* 14 U.L.A. 433 (Supp. 1990), other states, including Texas, follow the Restatement's rendition of trade-secret law, which establishes no limitations period but treats the claim as a tort. *See* Restatement (First) of Torts § 757 (1939).

In my prior opinion I opined that if there were no preemption I would have been inclined to reject Altai's statute-of-limitations defense. Now, however, in view of the remand and Altai's reassertion of the statute of limitations as a bar to the resurrected trade-secret claim, it is necessary to examine more closely the argument advanced by Altai.

■ In Texas, the limitations periods for various actions are set forth in the Civil Practice and Remedies Code. Section 16.003 is generally applicable to torts, including misappropriation of trade secrets. *See, e.g., Coastal Distributing Co. v. NGK Spark Plug Co.*, 779 F.2d 1033 (5th Cir.1986) (applying Tex.Rev.Stat.Ann. art. 5526, precursor to Tex.Civ.Prac. & Rem.Code § 16.003, to trade-secret claim). Subsection (b) of § 16.-003 covers wrongful death actions, while subsection (a) covers all other torts. Section 16.003(a) reads as follows:

> a person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer *not later than two years after the day the cause of action accrues.*

Tex.Civ.Prac. & Remedies Code § 16.003(a) (Vernon 1986) (emphasis added). The question of when a cause of action "accrues", and thus when the running of the statute of limitations commences, is a question of law to be determined by the court. *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990); *Willis v. Maverick*, 760 S.W.2d 642, 643 (Tex.1988).

■ Generally, a cause of action accrues when "the wrongful act effects an injury, regardless of when the plaintiff learned of such injury". *Moreno*, 787 S.W.2d at 350;

*Saenz v. Keller Industries of Texas, Inc.*, 951 F.2d 665, 668 (5th Cir.1992); *Robinson v. Weaver*, 550 S.W.2d 18, 19 (Tex.1977). The "purpose" of a limitation statute is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while evidence is fresh and witnesses are available. *Moreno*, 787 S.W.2d at 352; *Gaddis v. Smith*, 417 S.W.2d 577, 578 (Tex.1967). Therefore, according to the general rule of accrual, when facts come into existence that authorize a person to seek a judicial remedy, the statute of limitations begins running, even if that person might not discover the injury until after the limitations period has run out.

■ In this case, the allegedly wrongful act occurred in 1984, when Arney, having begun work with Altai, first began copying CA's ADAPTER codes, which he had stolen from CA, in order to develop Altai's OSCAR 3.4. Since CA did not sue Altai until 1988, four years after Altai's "wrongful act" effected an injury, one of Altai's defenses is that the two-year statute of limitations has run. However, CA argues that an exception to the general rule of accrual, the "discovery rule", applies to this case. The discovery rule provides that limitations "run from the date the plaintiff discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury". *Willis*, 760 S.W.2d at 643; *Moreno*, 787 S.W.2d at 351.

At trial the parties stipulated that CA did not know of or have reason to know of Altai's misappropriation until 1988. Even while agreeing to the earliest date upon which CA could have "discovered" its injury, Altai contended that CA's time of discovery was irrelevant, because Texas courts would not apply the discovery rule to this situation. CA claims that the Texas courts would apply the discovery rule, that the statute of limitations did not begin running until 1988, and that its institution of this suit in 1988 was therefore timely.

"When applicable, the discovery rule alleviates the injustice of barring a claimant's cause of action before he learned or, exercising reasonable diligence, could have learned about the facts underlying his right of ac-

tion." *Clade v. Larsen,* 838 S.W.2d 277, 282 (Tex.1992). Whether or not the discovery rule applies here is certainly not clear cut. There is no Texas precedent precisely on point. Generally speaking, the Texas Supreme Court has applied the discovery rule only to a limited number of cases, *see, e.g., Burns v. Thomas,* 786 S.W.2d 266 (Tex.1990) (legal malpractice); *Kelley v. Rinkle,* 532 S.W.2d 947 (Tex.1976) (credit libel); *Gaddis,* 417 S.W.2d at 580–81 (medical malpractice), but has never applied it to a misappropriation-of-trade-secrets claim.

CA cites *Reynolds–Southwestern Corp. v. Dresser Industries, Inc.,* 438 S.W.2d 135 (Tex.Ct.App.1969), as an example of a Texas court applying the discovery rule to a misappropriation-of-trade-secrets claim. However, the *Reynolds–Southwestern* case is not controlling, because (1) it was not a decision of the Texas Supreme Court, (2) the cross-action that was in "essence" a misappropriation-of-trade-secrets claim also involved allegations of fraud, making it unclear whether the discovery rule would have been applied in the absence of the fraud component, and (3) the cross-action was barred by the statute of limitations regardless of whether or not the discovery rule applied. *See id.* at 140.

■ In Texas, the discovery rule applies only to "inherently undiscoverable causes of action", *Mann v. A.H. Robins Co.,* 741 F.2d 79, 81 (5th Cir.1984), that is, cases in which the plaintiff did not and could not have known of the injury at the time it occurred. *See Seibert v. General Motors Corp.,* 853 S.W.2d 773, 776–77 (Tex.Ct.App.1993). As a consequence, when applying the discovery rule, Texas courts generally make a point of highlighting the special considerations warranting its application in a particular case. *See, e.g., Kelley,* 532 S.W.2d at 949 (discussing policy considerations behind applying discovery rule to credit-libel case).

Texas first adopted the discovery rule in *Gaddis v. Smith,* 417 S.W.2d 577, a case in which a physician negligently left a surgical sponge inside a patient, and the patient did not discover it until she had another operation more than four years later. Noting that "[i]t is a virtual certainty that the patient has no knowledge on the day following the surgery—nor for a long time thereafter—that a foreign object was 'left in the incision", the *Gaddis* court held that foreign object malpractice cases were appropriate subjects for application of the discovery rule. 417 S.W.2d at 580.

Later, when the Texas Supreme Court extended the discovery rule to legal malpractice actions, it emphasized both the difficulty a layperson has in recognizing an injury from legal malpractice when it happens and the fiduciary relationship between an attorney and client. *See In the Matter of Gleasman,* 933 F.2d 1277, 1282 (5th Cir.1991) (discussing *Willis,* 760 S.W.2d 642). It also observed that following the general accrual rule in legal malpractice cases would have the adverse effect of encouraging attorneys to breach their duty of full disclosure to their clients. *See Willis,* 760 S.W.2d at 645, *cited in Gleasman,* 933 F.2d at 1282.

In a variety of other settings, Texas courts have explicitly declined to apply the discovery rule to § 16.003(a) and its immediate predecessor, Tex.Rev.Stat.Ann. art. 5526. *See Clade,* 838 S.W.2d at 282 (malpractice action against architect); *Seibert,* 853 S.W.2d at 776 (personal injury action involving defective seat-belt design); *Davis v. Aetna Casualty & Surety Co.,* 843 S.W.2d 777, 778 (Tex. Ct.App.1992) (suit against insurance company that denied claim for workers' compensation benefits); *Hues v. Warren Petroleum Co.,* 814 S.W.2d 526, 529 (Tex.Ct.App.1991) (gas leak); *Robinson,* 550 S.W.2d at 19 (medical misdiagnosis); *see also Saenz,* 951 F.2d at 668 (tort action against ladder manufacturer).

In response to a certified question from the fifth circuit, *Moreno v. Sterling Drug, Inc.,* 850 F.2d 1047 (5th Cir.1988), the Texas Supreme Court definitively stated that the discovery rule does not apply to § 16.003(b), the portion of the limitations statute covering wrongful-death claims. *Moreno,* 787 S.W.2d at 354 (analyzing Tex.Civ.Prac. & Rem.Code § 16.003(b)). Unfortunately, while some states permit certification from a federal district court, *see, e.g.,* Conn.R.App.P. § 4168 (West 1992) (certified questions from federal courts to Connecticut Supreme Court); Ky. R.Civ.P. 76.37 (West 1992) (certification of

question of law to Kentucky Supreme Court), Texas does not. *See* Tex.R.App.P. 114(a) (West 1993) ("Supreme Court of Texas may answer questions of law certified to it by the Supreme Court of the United States or a Court of Appeals of the United States"). Therefore, I am unable to certify to the Texas Supreme Court the question of whether the discovery rule applies to § 16.003(a) in a misappropriation-of-trade-secrets action. If this matter comes to the attention of the second circuit, they may feel it appropriate to certify this question to the Texas Supreme Court for an authoritative disposition of this issue.

An application of the discovery rule to this case would establish its application for all misappropriation-of-trade-secrets cases. *See Willis,* 760 S.W.2d at 644 ("question when a cause of action accrues is a judicial one, and to determine it in any particular case is to establish a general rule of law for a class of cases") (quoting *Fernandi v. Strully,* 35 N.J. 434, 173 A.2d 277, 285 (1961)); *Gaddis,* 417 S.W.2d at 580–81 (same). Because it would be presumptuous to assume that the Texas Supreme Court would extend the discovery rule to all misappropriation-of-trade-secret claims, as well as inappropriate for a federal district court in New York to expand Texas' law in this manner, *cf. Tennimon v. Bell Helicopter Textron, Inc.,* 823 F.2d 68, 72 (5th Cir.1987) ("[I]f any court were to hold that the discovery rule is an exception to this seemingly unambiguous declaration of the Texas Legislature, it should be a Texas court in the first instance, not a federal court sitting in a diversity case."); *Saenz,* 951 F.2d at 668 (federal court sitting in diversity must follow lead of Texas Supreme Court), I decline to make an unprecedented expansion of the discovery rule by applying it to the facts of this case.

No decision of the Texas Supreme Court compels an application of the discovery rule to this situation. Therefore, CA's trade-secret claim is dismissed on statute-of-limitations grounds, because it was filed over two years after the cause of action accrued, although within two years of CA's discovery of the wrong.

CA's motion to reopen discovery and trial is denied as moot.

The clerk is directed to enter judgment dismissing the trade-secret claims.

SO ORDERED.