101 F.3d 681
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
COMPUTER ASSOCIATES INTERNATIONAL, INC., Plaintiff-Appellant,
v.
ALTAI, INC., Defendant-Appellee.
 No. 93-7957.
 United States Court of Appeals, Second Circuit.
 April 3, 1996.
 
 APPEARING FOR APPELLANT: Steven D. Kahn, Weil, Gotshal & Manges, New York, NY.
 APPEARING FOR APPELLEE: Susan G. Braden, Ingersoll and Block Chartered, Washington, D.C.
 Present: MAHONEY, WALKER, JR., CAMPBELL,*, Circuit Judges.
 
 
 1
 1. The disposition of this appeal is determined by the response of the Supreme Court of Texas to questions certified to that court in Computer Associates International, Inc. v. Altai, Inc., 22 F.3d 32 (2d Cir.1994) ("Computer II "). Computer II, familiarity with which is presumed, outlines the lengthy history of this litigation. The remaining matter in the case is the claim of plaintiff-appellant Computer Associates International, Inc. ("Computer Associates") against defendant-appellee Altai, Inc. under Texas law, which is concededly applicable under familiar diversity of citizenship principles, for misappropriation of trade secrets. The district court dismissed this claim as barred by the two-year statute of limitations set forth in Texas Civil Practice & Remedies Code Ann. § 16.003(a)(Vernon 1986). See Computer Assocs. Int'l, Inc. v. Altai, Inc., 832 F.Supp. 50, 54 (E.D.N.Y.1993) ("Computer I ").
 
 
 2
 2. In so ruling, the district court rejected Computer Associates' contention that the Texas discovery rule exception to § 16.003(a) should be applied so as to preclude a limitations dismissal of Computer Associates' claim for misappropriation of trade secrets. Computer I, 832 F.Supp. at 52-54. The discovery rule exception postpones the commencement of a limitations period to the date when a claimant knows or should have known (in the exercise of reasonable care and diligence) the nature of his injury. Id. at 52 (collecting Texas cases).
 
 
 3
 3. Computer Associates appealed, contending for application of the discovery rule. We certified the following questions to the Supreme Court of Texas:
 
 
 4
 1. Does the discovery rule exception to § 16.003(a) apply to claims for misappropriation of trade secrets?
 
 
 5
 2. If not, would the application to such claims of the two-year limitations period provided by § 16.003(a) contravene the "open courts" provision of article I, § 13 of the Texas Constitution?
 
 
 6
 Computer II, 32 F.3d at 37 (acting pursuant to 2d Cir. R. § 0.27 and Tex.R.App. P. 114(a)).
 
 
 7
 4. The Supreme Court of Texas has now answered both questions in the negative. See Computer Assocs. Int'l, Inc. v. Altai, Inc., No. 94-0433, 1996 WL 112172 (Tex. Mar. 14, 1996). We accordingly affirm the judgment of the district court. The mandate shall issue forthwith.
 
 
 
 *
 The Hon. Levin H. Campbell, of the United States Court of Appeals for the First Circuit, sitting by designation