Richard L. CHANDLER, d/b/a Skyline Plumbing and Hardware, Plaintiff in Error,

v.

Carlos R. and Arturo S. ESCOBAR, d/b/a All Temp Insulation Company, Defendants in Error.

No. 6986.

Court of Civil Appeals of Texas, El Paso.

Aug. 13, 1980.

Richard L. Chandler, pro se.

Escobar & Escobar, David Escobar, Miguel J. Cervantes, El Paso, for defendants in error.

## OPINION

WARD, Justice.

Richard Chandler appeals by petition for writ of error to review a summary judgment entered against him in a case where he was the Defendant. The Plaintiffs are Carlos R. and Arturo S. Escobar, doing business as All Temp Insulation Company, and they recovered the summary judgment in the amount of $7,700.00, together with reasonable attorney's fees for representation in the trial and appellate courts. We have heretofore overruled the Defendants in Error's motion to dismiss for the reasons now given, and we reverse and remand.

This suit was filed against Chandler as a breach of contract whereby the Plaintiffs agreed to and did perform the installation of all pipe and exterior duct installation on a school project. Plaintiffs alleged that the Defendant promised to pay them the sum of $7,700.00 and that the Defendant defaulted in the payment. After the Defendant had answered, the Plaintiffs filed motion for summary judgment, to which was attached an affidavit by one of the Plaintiffs, together with a copy of a signed purchase order executed by the Defendant's purchasing agent. The motion for summary judgment was filed October 8, 1979. The Judge's order appears in the file setting the hearing on the motion for November 2, 1979. The summary judgment recites that it was heard on October 8, 1979, after the Defendant had been properly notified of the hearing. No recitation is made in the judgment that the Defendant either appeared or participated in any way at the hearing on the motion wherein the summary judgment was granted. The Defendant filed an opposition to the Plaintiffs' motion for summary judgment on October 26, 1979, but after the summary judgment was heard. The summary judgment appears to

have been signed on January 9, 1980, and entered of record on January 10, 1980.

The Defendants in Error's motion to dismiss is on the ground that the Plaintiff in Error participated in the summary judgment proceeding in the trial Court, and that the appellate jurisdiction is defeated because of that participation and because of Article 2249a, Tex.Rev.Civ.Stat.Ann. We find no participation by the Plaintiff in Error in the summary judgment hearing which was held on October 8, 1979. This differs, then, from the participations before the Courts in *Thacker v. Thacker*, 496 S.W.2d 201 (Tex.Civ.App.–Amarillo 1973, writ dism'd), and in *Burton v. Home Indemnity Company*, 531 S.W.2d 665 (Tex.Civ. App.–El Paso 1975, writ ref'd n.r.e.). In this case, Chandler, the non–movant, did not file his contest to the motion for summary judgment until more than two weeks after the hearing on the motion for summary judgment. The late filed opposition to the motion for summary judgment could have been considered by the trial Court as the Court still had jurisdiction of the case, but nowhere does it appear that the trial Court ever considered the late filed contest to the motion for summary judgment. Under the record, we hold there has been no participation by the Plaintiff in Error. The filing of an answer, or a motion for new trial, or both, will not defeat the right of appeal by writ of error. *Wilson v. Brickstone Products Corporation*, 465 S.W.2d 183 (Tex.Civ.App.–San Antonio 1971, writ ref'd n.r.e.); *Lawyers Lloyds of Texas v. Webb*, 137 Tex. 107, 152 S.W.2d 1096 (1941). The motion to dismiss for want of appellate jurisdiction is overruled.

The right to summary judgment is possible in this State only by virtue of the provisions of Rule 166A, and to entitle a party to a summary judgment the provisions of this rule must be strictly complied with. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929 (1952). Rule 166–A requires a motion for summary judgment be served at least twenty–one days before the date of the hearing on the motion. A party may waive the twenty–one day notice require-

ment if he receives notice and appears at the summary judgment hearing and does not file an affidavit under Rule 166–A(f). *Lofthus v. State*, 572 S.W.2d 799 (Tex.Civ. App.–Amarillo 1978, writ ref'd n.r.e.). Here, the judgment recites that the summary judgment hearing was had on October 8, 1979. Nothing in the record indicates Chandler had any notice of that hearing until after it was held. Our concern as to the judgment recital was expressed at the time of oral argument. Since that time, nothing has been presented to this Court by way of supplemental transcript showing any correction of the date of the hearing, if that date was a clerical mistake. See: 33 Tex.Jur.2d *Judgments* sec. 139 (1962). Judgment recitals control over the other dates mentioned and there being no evidence in the record of Chandler receiving twenty–one days' notice of the summary judgment hearing, or of his appearance there, we are compelled to grant a reversal of the case.

The judgment of the trial Court is reversed and the cause is remanded for a new trial.