In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00112-CR


______________________________




ALTHEA NANETTE JORDAN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 76th Judicial District Court


Camp County, Texas


Trial Court No. CF-01-7253




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Althea Nanette Jordan was convicted in a single trial for two separately indicted offenses of
delivery of a controlled substance. The causes have been appealed separately, but briefed together. 

 Since the briefs and arguments raised therein are identical in both appeals, for the reasons
stated in Jordan v. State, No. 6-01-00113-CR, we likewise resolve the issues in this appeal in favor
of the State.

 The judgment of the trial court is affirmed.



 Donald R. Ross

 Justice


Date Submitted: April 16, 2002

Date Decided: April 17, 2002


Do Not Publish



ad not received notice of
the motion for summary judgment twenty-one days in advance of the hearing on the motion. In
addition, Bell argues the trial court's award of attorney's fees is "punitive and excessive." Because
Bell received sufficient notice and there is sufficient evidence to support the trial court's award of
attorney's fees, we affirm the judgment of the trial court.

 The standard of review for traditional summary judgment motions is well established. When
reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and indulge
every reasonable inference and resolve any doubts in the nonmovant's favor. Limestone Prods.
Distribution, Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997
S.W.2d 217, 223 (Tex. 1999). Summary judgment is proper when the movant establishes that there
is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Tex.
R. Civ. P. 166a(c); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671 (Tex. 1979);
Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377 (Tex. App.--Texarkana 1989, no writ). 

 A. The Record Shows Bell Received Sufficient Notice

 In his first point of error, Bell alleges he did not receive the required notice of the motion for
summary judgment. Rule 166a(c) provides that a motion for summary judgment and any supporting
affidavits "shall be filed and served at least twenty-one days before the time specified for hearing." 
Tex. R. Civ. P. 166a(c). However, Bell failed to preserve this issue for our review and, even if the
issue had been preserved, the record contains prima facie evidence that Bell was served more than
twenty-four days before the hearing. (3)

 In order to preserve error on a claim of deficient notice, Bell was required to "file a motion
for continuance or raise the complaint of late notice in writing, supported by affidavit evidence, and
raise the issue before the trial court during the summary judgment hearing." Nguyen v. Short, How,
Frels & Heitz, P.C., 108 S.W.3d 558, 560 (Tex. App.--Dallas 2003, pet. denied); see Negrini v.
Beale, 822 S.W.2d 822, 823 (Tex. App.--Houston [14th Dist.] 1992, no writ); Veal v. Veterans Life
Ins. Co., 767 S.W.2d 892, 895 (Tex. App.--Texarkana 1989, no writ) (twenty-one-day notice
requirement may be waived if nonmovant receives notice, appears at hearing, and does not file
affidavit under Rule 166a(f)). Bell concedes, on appeal, that he appeared at the hearing on the
motion for summary judgment. (4) Because the appellate record contains no evidence that Bell filed
a motion for continuance or filed an affidavit in support of his allegation of deficient notice, the
error, if any, is not preserved for our review.

 Even if the issue had been preserved, the record contains prima facie evidence Bell received
the required notice. Citibank's motion for summary judgment includes a certificate of service signed
by Allen L. Adkins, Citibank's attorney at trial, which was dated January 26, 2006. The certificate
of service states the motion was mailed to Bell by certified mail January 26, 2006. Rule 21a of the
Texas Rules of Civil Procedure provides, "[s]ervice by mail shall be complete upon deposit of the
paper . . . in a post office or official depository under the care and custody of the United States Postal
Service." Tex. R. Civ. P. 21a. Further, the certificate of service constitutes prima facie evidence that
notice was placed in the mail January 26, 2006. See Tex. R. Civ. P. 21a; Alvarez v. Thomas, 172
S.W.3d 298, 303 (Tex. App.--Texarkana 2005, no pet.). All notices were mailed to Bell at his home
address as shown in the docketing statement Bell filed in this Court. There is no evidence
controverting the certificate of service. (5)

 In his reply brief, Bell cites Martin v. Martin, Martin & Richards, Inc., 989 S.W.2d 357, 359
(Tex. 1998), as authority for his argument he did not receive adequate notice. In Martin, the trial
court ruled on the motion for summary judgment four days after it had been filed and without
providing notice to the nonmovant. Id. The nonmovant filed a response two days after the trial
court's ruling, which the trial court also overruled eleven days later. Id. The Texas Supreme Court
held the failure to give notice of the submission date for a motion for summary judgment constituted
error, but it found the error was harmless because the trial court considered the nonmovant's response
and reconfirmed its ruling. Id. Martin is clearly distinguishable from the current case. In the current
case, there is prima facie evidence Bell received notice, there is no evidence controverting the prima
facie evidence, and the trial court did not rule on the motion for summary judgment until thirty-nine
days after the service of notice. Because there is prima facie evidence Bell received notice
January 26, 2006, Bell received sufficient notice for a hearing to be held March 6, 2006. We
overrule Bell's first point of error.

 B. There is Sufficient Evidence to Support the Award of Attorney's Fees

 In addition, Bell argues the award of $1,500.00 in attorney's fees was punitive, excessive, and
amounts to unjust enrichment. (6) We have construed Bell's argument as a challenge to the sufficiency
of the evidence of attorney's fees. 

 An affidavit by Citibank's attorney provides summary judgment evidence as to attorney's fees
and expenses. The attachment sets out fees and expenses as $1,500.00 for services rendered through
trial, $1,500.00 conditional fees for an appeal to the court of appeals, and $2,500.00 conditional fees
in the event a petition for review is filed with the Texas Supreme Court. The affidavit further
provides, "taking into consideration the usual and customary attorneys' fees in this county, the
amount in controversy, the legal questions involved, the fee arrangement with the client, the benefits
conferred, and the time required," that these fees were "reasonable and necessary." The record before
this Court contains no evidence this affidavit was controverted. We conclude the affidavit
constitutes legally and factually sufficient evidence to support the award for attorney's fees and
expenses for pursuing Citibank's claim.

 Further, as previously noted, Bell did not file any written response to the motion for summary
judgment. "Issues not expressly presented to the trial court by written motion, answer, or other
response shall not be considered on appeal as grounds for reversal." Tex. R. Civ. P. 166a(c). We
overrule Bell's second point of error. 

 For the reasons stated, we affirm the judgment of the trial court.




 Jack Carter

 Justice


Date Submitted: October 20, 2006

Date Decided: November 2, 2006

1. Bell represented himself at trial as well. The law is well settled that "[a] party proceeding
pro se must comply with all applicable procedural rules" and is held to the same standards as a
licensed attorney. Weaver v. E-Z Mart Stores, 942 S.W.2d 167, 169 (Tex. App.--Texarkana 1997,
no pet.).
2. Although Bell's plea was not in the standard form of an answer, it nevertheless gave the
court a response acknowledging receipt and acceptance of Citibank's citation and petition. See In re
K.B.A., 145 S.W.3d 685, 691 (Tex. App.--Fort Worth 2004, no pet.). Bell's filing constituted an
appearance in the matter and entitled him to notice of further proceedings in the case. See Smith v.
Lippmann, 826 S.W.2d 137, 138 (Tex. 1992); see also Hughes v. Habitat Apartments, 860 S.W.2d
872, 873 (Tex. 1993). Bell did not respond to the requests for admissions served on him with the
petition and citation.
3. We note Rule 21a extends the period by three days when service occurs by mail. See Tex.
R. Civ. P. 21a; Wheeler v. Green, 157 S.W.3d 439, 441 (Tex. 2005). 
4. In his reply brief, Bell concedes he received notice of the March 6, 2006, hearing, but alleges
he was not aware of the motion for summary judgment. The record contains a letter from Citibank's
attorney notifying Bell of the March 6, 2006, hearing with an attached copy of the order setting the
hearing. The order contains a certificate of service signed by Allen Adkins, attorney for Citibank,
that states Bell was served by regular and certified mail February 7, 2006. 
5. We note Bell alleges in his brief, as well as in his reply brief, that he was never notified of
a motion for summary judgment and Citibank's attorney did not send him "any letter or notice by
mail at any time whatsoever." These allegations do not constitute evidence.
6. We note Bell contends this amount is "more than $1,000.00 greater than what defendant
originally agreed to pay" and alleges "Mr. Adkins' Office assured me that he would only charge
$461.17 in legal fees." In his reply brief, Bell alleges "[a] legal secretary representing Mr. Allen's
[sic] Office advised Bell that, if Bell would agree to the default judgment against him of the full
amount, then Mr. Adkins would reduce his legal fees of $922.23 to half, or $461.17." In addition,
Bell attached a letter to his reply brief, which appears to accept this "offer." This letter was also filed
with the district court. We are bound by the record on appeal, and the appellate record does not
contain evidence of a settlement agreement.