NUMBER 13-05-00321-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ROBERT H. TWIST, Appellant,


v.
 


CINDY GARCIA, ET AL., Appellees.

 


On appeal from the 404th District Court of Cameron County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Vela and Wittig (1)


Memorandum Opinion Justice Wittig



 

 Robert H. Twist, appellant, was involved in a series of lawsuits, including this
claim of legal malpractice against his former attorneys, Cindy Garcia, Glenn Romero
and Carlos Hernandez, Jr., appellees. The trial court granted appellees' various
motions for summary judgment under Tex. R. Civ. P. 166a(i). Other procedural and
background information is known to the parties and will not be reiterated. Tex. R.
App. P. 47.1. We affirm.

 1. Standard of Review

 A party may move for summary judgment under Rule 166a(i) on the ground
that there is no evidence of one or more essential elements of a claim or defense on
which an adverse party would have the burden of proof at trial. Tex. R. Civ. P.
166a(i); Western Investments, Inc. v. Urena, 162 S.W.3d 547, 557 (Tex. 2005);
Duvall v. Texas Dep't of Human Servs., 82 S.W.3d 474, 477 (Tex. App.-Austin
2002, no pet.). Unless the nonmovant produces summary judgment evidence raising
a genuine issue of material fact on the challenged elements, the court must grant the
motion. Tex. R. Civ. P. 166a(i) & cmt. 1997; Urena, 162 S.W.3d at 548; Duvall, 82
S.W.3d at 477-78.

 In reviewing a no-evidence claim, we view the evidence in a light that tends to
support the finding of the disputed fact and disregard all evidence and inferences to
the contrary. Minyard Food Stores, Inc. v. Goodman, 80 S.W.3d 573, 577 (Tex.
2002); Duvall, 82 S.W.3d at 478. If more than a scintilla of evidence exists, it is
legally sufficient. Goodman, 80 S.W.3d at 577. Evidence is more than a scintilla
when it rises to the level that would enable reasonable and fair-minded people to
differ in their conclusions. Duvall, 82 S.W.3d at 478. But when evidence offered to
prove a vital fact is so weak as to do no more than create a mere surmise or
suspicion of its existence, it is no more than a scintilla and, in legal effect, is no
evidence. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004); Duvall, 82
S.W.3d at 478. 

 Because the trial court's order does not specify the grounds for granting
summary judgment, we must affirm the summary judgment if any of the theories
presented to the trial court and preserved for appellate review are meritorious.
Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 217 (Tex. 2004). A
no-evidence summary judgment is improperly granted if the non-movant presents
more than a scintilla of probative evidence to raise a genuine issue of material fact. 
Lampasas v. Spring Center, Inc., 988 S.W.2d 428, 432 (Tex. App.-Houston [14th
Dist.] 1999, no pet.). Evidence favorable to the non-movant will be taken as true in
deciding whether there is a disputed material fact issue that precludes summary
judgment. Nixon v. Mr. Property Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). 
Every reasonable inference must be indulged in favor of the non-movant and any
doubt resolved in its favor. Id. at 549.

 A legal sufficiency challenge may only be sustained when: (1) the record
discloses a complete absence of evidence of a vital fact; (2) the court is barred by
rules of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere
scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. 
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex. 1998); Robert W.
Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev.
361, 362-63 (1960). In determining whether there is legally sufficient evidence to
support the finding under review, we must consider evidence favorable to the finding
if a reasonable factfinder could, and disregard evidence contrary to the finding unless
a reasonable factfinder could not have made such a finding. City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).

 1. Notice Issues

 Appellant complains in issues four, five, and six, that he was not given proper 
notice concerning the summary judgment motions of Romero and Garcia. He asserts
that Romero failed to mail a copy of his motion to appellant at his last know address
and that Garcia failed to comply with service rules pertaining to the faxing of motions
and notices, that is, appellant did not actually receive Garcia's motion until within the
seven day limitation period. In support of this argument, appellant cites Lewis v.
Blake, 876 S.W.2d 314, 316 (Tex. 1994) (hearing on a motion for summary judgment
may be set as early as the 21st day after the motion is served, or the 24th day if the
motion is served by mail). Appellant also argues from Peralta v. Heights Medical
Center, Inc., 485 U.S. 80, 84 (U.S. 1988) (an elementary and fundamental
requirement of due process in any proceeding which is to be accorded finality is notice
reasonably calculated to apprise interested parties of the pendency of the action and
afford them the opportunity to present their objections). Peralta, a default judgment
situation, is distinguishable because appellant had an opportunity to be heard and
present objections. See id.

 Appellee Romero counters that the clerk mailed the notice to the wrong
address. However, he claims appellant agreed to hold the hearing on either February
17, 2006 or February 18, 2006. Appellee also argues waiver by appellant because he
made no objection before or at the hearing. Nguyen v. Short, How, Frels & Heitz,
P.C., 108 S.W.3d 558, 560-561 (Tex. App.-Dallas 2003, pet. denied) (lack of sufficient
notice in a summary judgment proceeding is a nonjurisdictional defect); May v.
Nacogdoches Mem'l Hosp., 61 S.W.3d 623, 627 (Tex. App.-Tyler 2001, no pet.). If
a party receives notice that is untimely, but sufficient to enable the party to attend the
summary judgment hearing, the party must file a motion for continuance or raise the
complaint of late notice in writing, supported by affidavit evidence, and raise the issue
before the trial court during the summary judgment hearing. Id. The nonmovant
waives any objection to an untimely notice by failing to object. Id. (citing Veal v.
Veterans Life Ins. Co., 767 S.W.2d 892, 895 (Tex. App.-Texarkana 1989, no writ).

 The record reflects appellant received appropriate notice from appellee
Hernandez including both for the motion for summary judgment and for setting. At the
pre-trial hearing of February 3, 2005, appellant stated in open court: "I have no
objection to the court setting both of the motions for summary judgment on the 17th
[of February]. Obviously, 21 days would put us past of the trial date in terms of the
motion . . . ." In this case, the trial date was February 22, 2005.

 Appellant does not point out to us by citation to the record or otherwise how he
may have objected to the summary judgment hearing, where he filed a motion for
continuance, or raised the complaint of late notice in writing, supported by affidavit
evidence, thus appraising the trial court of any prejudice to himself. See id. Because
he agreed to the early hearing on the motion, attended and participated therein,
appellant waived any error. Veal, 767 S.W.2d at 895. We overrule these issues. 

 2. No Evidence Issues

 In appellant's first three issues, he complains: (1) the trial court abused its
discretion by granting a no-evidence motion when a traditional motion was
appropriate; (2) appellees' motions didn't negate the discovery rule or Hughes
doctrine; and (3) appellees did not negate the discovery rule related to his DTPA
claim. Appellees each filed a no-evidence motion for summary judgment under Tex.
R. Civ. P. 166a(i). They attached summary judgment proof and at least one motion
also referred to the traditional summary judgment motion standard under Tex. R. Civ.
P. 166a(c). The trial court was asked for clarification and stated that it was granting
the motions under the no-evidence standard. Of note, the final judgment of the trial
court clearly enunciated that it was ruling on and granting the no evidence motions. 
We interpret this final judgment as denying any motions for traditional summary
judgment and granting only appellees' no evidence motions. See Lehmann v.
Har-Con Corp., 39 S.W.3d 191, 203 (Tex. 2001) (finality "must be resolved by a
determination of the intention of the court as gathered from the language of the decree
and the record as a whole, aided on occasion by the conduct of the parties").

 Appellant argues that appellees' reliance upon the statute of limitations cannot
be properly raised in a no-evidence motion because it is an affirmative defense citing
Young Refining v. Pennzoil, 46 S.W.3d 380, 385 (Tex. App.-Houston [1st Dist.] 2001,
pet. denied) ("no evidence" motion can be used only to defeat claims for which "an
adverse party would have the burden of proof at trial."). This is a black letter provision
of the rules of civil procedure. See Tex. R. Civ. p. 166a(i). Because appellees, not
appellant, would bear the burden of proof on affirmative defenses at trial, a "no
evidence" motion is inappropriate on these grounds. Id.; see also Woods v. William
M. Mercer, Inc., 769 S.W.2d 515, 517 (Tex. 1988) (statute of limitations is an
affirmative defense). A defendant bears the initial burden to plead, prove, and secure
findings to sustain its plea of limitations. Woods, 769 S.W.2d at 517. We agree. We
sustain, in part, appellant's first three issues. 

 We next determine if appellant offered some evidence on each of the elements
of his malpractice claim against appellees. Appellant was required to show proof that:
(1) appellees as attorneys owed a duty to appellant; (2) appellees breached that duty;
(3) the breach proximately caused appellant's injuries; and (4) damages resulted. 
Alexander v. Turtur & Assocs., 146 S.W.3d 113, 117 (Tex. 2004) (citing Peeler v.
Hughes & Luce, 909 S.W.2d 494, 496 (Tex. 1995)). 

 Appellees argue that appellant provided no evidence on causation. We agree. 
Here the alleged malpractice involved complex issues concerning the finality of the
underlaying bank case, appellate procedure, settlement, the effect of Rule 11
agreements, bankruptcy stays, and other related issues. Under these circumstances,
expert testimony on proximate cause is clearly required because the issue is not one
that lay persons are competent to determine. Id. at 120.

 In a response to a no-evidence ground for summary judgment, a nonmovant
need not marshal her proof; however, her summary judgment response needs to point
out evidence that raises a genuine issue of fact as to the challenged elements. San
Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 330 (Tex. App.-Houston [14th Dist.]
2005, no pet.). Appellant provided no competent expert proof on the essential
element of causation. 

 Regarding appellant's third issue, the DTPA claim, appellant was again required
to produce some evidence of causation. Alexander, 146 S.W.3d at 117; Doe v. Boys
Clubs of Greater Dallas, Inc. 907 S.W.2d 472, 481 (Tex. 1995) (raising a fact question
of producing cause, as with proximate cause, requires some evidence that the
defendant's act or omission was the cause in fact of the plaintiff's injury); see Tex.
Bus. & Comm. Code Ann. § 17.50(a). Because the unconscionable action appellant
complained of arose from appellees' failure to appeal the underlying bank case and
issues concerning the negotiation of the settlement check, we hold that expert
testimony was also required to raise some evidence of producing cause. Alexander,
146 S.W.3d at 120 (errors allegedly made by attorney in the preparation and trial of
an admittedly complex, yet truncated, proceeding were not so obviously tied to the
adverse result as to obviate the need for expert testimony; therefore it was error to
hold that the jury was competent to determine causation in either negligence or
violation of the DTPA without expert guidance). We overrule appellant's first three
issues. (2)

 3. Evidentiary Issues

 Appellant argues issues seven through ten together. We review a trial court's
decision to admit or exclude evidence for an abuse of discretion. In re J.P.B., 180
S.W.3d 570, 575 (Tex. 2005) (citing State v. Bristol Hotel Asset Co., 65 S.W.3d 638,
647, 45 Tex. Sup. Ct. J. 144 (Tex. 2001)).

 Appellant argues in issue seven, that while pleadings do not constitute summary
judgment proof, they do serve to join issues and to point out to the trial court that
genuine issues of fact exist. One of the cases he cites is Hidalgo v. Surety Sav. &
Loan Ass'n, 462 S.W.2d 540, 543 (Tex. 1971). Hidalgo states: "The allegations in
Surety's petition, although sworn to, do not constitute summary judgment proof. 
Pleadings simply outline the issues; they are not evidence, even for summary
judgment purposes." Id. Appellant also quotes the concurrence, which states: "If a
live pleading states facts in sufficient detail and is verified by one who clearly has
personal knowledge of the facts and is clearly competent to testify to the matters
stated, it is my opinion that the pleading should be given the same effect as any other
affidavit filed in the case." Id. 545-46. However, even Justice Walker in his
concurrence admitted: "These allegations are mere conclusions, expressly authorized
for pleading purposes but unacceptable as proof in summary judgment proceedings." 
Id. We hold the trial court did not abuse his discretion by ruling pleadings are not
summary judgment proof. Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 660
(Tex. 1995) (generally pleadings are not competent evidence, even if sworn or
verified). 

 In issue eight, appellant contends his unverified expert report should have been
considered by the trial court. The trial court sustained at least one of appellees'
multiple objections to the report. Apparently the basis of the trial court's ruling was the
fact that the expert report was not sworn. See Laman v. Big Spring State Hosp., 970
S.W.2d 670, 672 (Tex. App.-Eastland 1998, pet. denied) (holding that an unsworn
acknowledgment is not an affidavit and does not constitute proper summary judgment
proof). 

 A trial court has broad discretion in determining whether expert testimony is
admissible. Mack Trucks v. Tamez, 206 S.W.3d 572, 578 (Tex. 2006). Its ruling will
be reversed only if that discretion is abused. K-Mart Corp. v. Honeycutt, 24 S.W.3d
357, 360 (Tex. 2000). 

 Rule 166a(f) requires that "supporting and opposing affidavits shall be made on
personal knowledge, shall set forth such facts as would be admissible in evidence,
and shall show affirmatively that the affiant is competent to testify to the matters stated
therein." Tex. R. Civ. P. 166a(f); Ryland Group v. Hood, 924 S.W.2d 120, 122 (Tex.
1996)(citing Humphreys v. Caldwell, 888 S.W.2d 469, 470 (Tex. 1994)(affidavit lacking
testimony that statements were unequivocally based on personal knowledge was
legally insufficient)). 

 The expert report by Powell wholly fails to meet the requirements of Tex. R. Civ.
P. 166a(f), because it is not based upon personal knowledge but on pleadings, is not
sworn, and only indicates the expert's competency by allusion to another unsworn
document. Accordingly, the trial court did not abuse his discretion by disallowing the
unverified report. See Honeycutt, 24 S.W.3d 360. Further, the report lacks the
required references to causation concerning the settlement issues and failure to
appeal issues. Alexander, 146 S.W.3d at 117. Any associated error would be
harmless. Tex. R. App. P. 44.1(a)(1).

 Next, appellant claims the trial court abused its discretion by not finding that the
clerk's record as a whole contained information that would enable the court to find that
genuine fact issues were joined. Without authority, appellant argues that if the trial
court had considered all evidence in the file, it would have determined there were
disputed issues of fact. However, the law is clear. If a nonmovant's response fails to
set forth valid reasons why summary judgment should not be granted and if the motion
and summary judgment evidence show that there is no genuine issue of material fact
and that the movant is entitled to judgment as a matter of law on the grounds asserted
in the motion, then the trial court should grant summary judgment. Crawford, 171
S.W.3d at 329. The nonmovant need not marshal its proof; however, its summary
judgment response needs to point out evidence that raises a genuine issue of fact as
to the challenged elements. Id. at 330; see also Tex. R. Civ. P. 166(a)(i). We overrule
appellant's issues seven, eight, and nine. 

 4. Motion for New Trial

 In issue ten, appellant asserts the trial court erred by not granting a new trial. 
As we best decipher his argument, if the trial court had correctly applied the law raised
in his issues one through nine, he would have denied all of appellees' motions and
granted a new trial. He cites Estates of Stoneciper v. Estate of Butts, 591 S.W.2d
806, 809 (Tex. 1979). Stoneciper holds that fraud vitiates whatever it touches and that
equity will not allow the use of the statute of limitations to protect an actor from his own
fraud and avoid liability by misleading another. Id. A trial court's denial of a motion
for new trial is reviewed for abuse of discretion. See Pharo v. Chambers County, 922
S.W.2d 945, 947 (Tex. 1996). Because we have already addressed each of
appellant's complaints that he reiterates in this issue, and found no abuse of discretion
or harmful error, this issue is overruled.

 5. Alleged Ex Parte Conduct

 In his final issue, appellant alleges an ex parte hearing by the trial judge
rendered the summary judgment void because the judge was disqualified. He cites
Erskine v. Baker, 22 S.W.3d 537, 538-39 (Tex. App.-El Paso, 2000, pet. denied). 
Erskine holds that in order to reverse a judgment on the ground of judicial misconduct,
we must find judicial impropriety, coupled with probable prejudice to the complaining
party. Id. (citing Pitt v. Bradford Farms, 843 S.W.2d 705, 706 (Tex. App.-Corpus
Christi 1992, no writ); Silcott v. Oglesby, 721 S.W.2d 290, 293 (Tex. 1986)); see also
TEX. R. APP. P. 44.1). The Texas Code of Judicial Conduct provides that a judge
shall not directly or indirectly initiate, permit, or consider ex parte or other private
communications concerning the merits of a pending or impending judicial proceeding,
except as authorized by law. Tex. Code Jud. Conduct, Canon 3B(8), reprinted in Tex.
Gov't Code Ann., tit. 2, subtit. G app. B (Vernon 1997). Ex parte communications are
those that involve fewer than all of the parties who are legally entitled to be present
during the discussion of any matter. In re Thoma, 873 S.W.2d 477, 496 (Tex. 1994).

 Neither the record nor even appellant's brief support the allegations of judicial
impropriety. All parties via their counsel attended a conference in the judge's
chambers. Counsel for appellant was present and surreptitiously recorded the event
with a tape recorder hidden by appellant in counsel's pocket. While it is true that
appellee Romero, a licensed attorney, was permitted to attend, appellant himself
admits he was not harmed by the ruling of the court after the conference. Appellant
still maintains, that based upon the totality of the evidence, the court did not properly
conduct itself. Appellant's arguments are without merit. We hold there was no ex
parte or other private communications. Tex. Code Jud. Conduct, Canon 3B(8). In
any event, appellant wholly fails to show "probable prejudice to the complaining party." 
Erskine 22 S.W.3d at 539. We overrule appellant's eleventh issue. 

 The judgment is affirmed. 

 DON WITTIG 

 Justice



Memorandum Opinion delivered and filed 

this the 30th day of August, 2007.
1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to the government code. See Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. Because appellant did not produce some evidence of causation on his affirmative claims, we need
not address the sub-issues concerning the discovery rule or Hughes doctrine. See Tex. R. App. P. 47.1.