**COMPUTER ASSOCIATES INTERNATIONAL, INC.,**
Plaintiff–Appellant,

v.

**ALTAI, INC., Defendant–Appellee.**

**No. 1090, Docket 93–7957.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 14, 1994.

Decided July 17, 1995.

Stephan D. Kahn, New York City (Stuart D. Levi, Carol A. Motyka, Weil, Gotshal & Manges, New York City, Francis S.L. Wang, Wang & Wang, San Francisco, CA, Gerald Rosberg, Michael A. McElroy, Computer Associates Intern., Inc., Islandia, NY, of counsel), for plaintiff-appellant.

Susan G. Braden, Washington, DC (Reuben B. Robertson, Ingersoll and Block, Char-

tered, Washington, DC, of counsel), for defendant-appellee.

Before: MAHONEY, WALKER, and CAMPBELL,* Circuit Judges.

PER CURIAM:

Plaintiff-appellant Computer Associates International, Inc. ("CA") appeals from an amended judgment entered August 31, 1993 in the United States District Court for the Eastern District of New York, George C. Pratt, *Circuit Judge*,[1] that dismissed CA's claims against defendant-appellee Altai, Inc. ("Altai") for misappropriation of trade secrets as barred by the applicable Texas statute of limitations. In accordance with the response of the Supreme Court of Texas to questions certified to that court pursuant to Tex.R.App.P. 114(a) (West 1993), we affirm.

This case has a significant history, and we assume familiarity with the published opinions in which that history is recorded. A former employee of CA, Claude F. Arney, III, went to work for Altai, a competitor of CA. Arney took with ` him copies of the computer source code listings for two versions of a CA program known as ADAPTER, and ADAPTER was used by Arney (without Altai's knowledge) in the formulation of an Altai program known as OSCAR 3.4. Upon ascertaining that ADAPTER had been used in developing OSCAR 3.4, Altai formulated a successor program, OSCAR 3.5, without Arney's involvement or the utilization of ADAPTER.

CA sued Altai in the United States District Court for the Eastern District of New York, charging copyright infringement and misappropriation of trade secrets. After a bench trial, the district court ruled in favor of CA's copyright infringement claim regarding OSCAR 3.4, but against the copyright infringement claim regarding OSCAR 3.5, and concluded that CA's claim of trade secret misappropriation under Texas law was preempted by the federal Copyright Act. *See Computer Assocs. Int'l v. Altai, Inc.*, 775 F.Supp. 544 (E.D.N.Y.1991), *aff'd in part, vacated in part, and remanded*, 982 F.2d 693 (2d Cir. 1992).

CA appealed the denial of relief regarding the OSCAR 3.5 copyright infringement claim and its trade secret misappropriation claim. We affirmed as to the copyright infringement claim, but remanded for further consideration of the claim for misappropriation of trade secrets. *See Computer Assocs. Int'l v. Altai, Inc.*, 982 F.2d 693 (2d Cir.1992).

On remand, the district court determined that CA's claim for misappropriation of trade secrets was barred by the applicable Texas two-year statute of limitations, Texas Civil Practice & Remedies Code Ann. § 16.003(a) (Vernon 1986). *See Computer Assocs. Int'l v. Altai, Inc.*, 832 F.Supp. 50, 54 (E.D.N.Y. 1993). CA appealed to this court, contending that: (1) Texas law required that the discovery rule exception to § 16.003(a) be invoked to preclude dismissal of CA's claim for trade secret misappropriation; and (2) the application in this case of the two-year limitations period provided by § 16.003(a) would contravene the "open courts" provision of Article I, § 13 of the Texas Constitution.

We thereupon certified the following questions to the Supreme Court of Texas pursuant to Tex.R.App.P. 114(a):

1. Does the discovery rule exception to § 16.003(a) apply to claims for misappropriation of trade secrets?

2. If not, would the application to such claims of the two-year limitations period provided by § 16.003(a) contravene the "open courts" provision of article I, § 13 of the Texas Constitution?

*Computer Assocs. Int'l v. Altai, Inc.*, 22 F.3d 32, 37 (2d Cir.1994).

The Supreme Court of Texas has now responded, answering both certified questions in the negative. *See Computer Assocs. Int'l v. Altai, Inc.*, No. 94–0433, slip op. (Tex. June 8, 1995), —— S.W.2d ——, 1995 WL 341543.

---

* The Hon. Levin H. Campbell, of the United States Court of Appeals for the First Circuit, sitting by designation.

1. The Honorable George C. Pratt, then-United States Circuit Judge for the Second Circuit, sitting by designation.

8

We accordingly affirm the amended judgment of the district court.