Peter D. MOSS, Plaintiff–Appellant–Cross–Appellee,

v.

E. ON AG, formerly known as Veba Ag, successor in interest to VEBA Ag, individually, severally and jointly, Ulrich Forma VEBA Chief Executive Officer, Individually, Severally and Jointly, Michael Moebius, former President of Stinnes Corporation, individually, severally and jointly, Hans–Juergen Knauer, Dr., former Chairman of the Stinnes Corporation, individually, severally and jointly, Defendants,

Stinnes Corporation, also known as Veba Ag, a subsidiary of Veba, individually, severally and jointly; Grotta, Glassman & Hoffman, P.A., Law Firm for Stinnes Corporation, individually, severally and jointly, Stanley L. Goodman, Counsel for Stinnes Corporation, individually, severally and jointly, Defendants–Appellees–Cross–Appellants.

No. 03–9107, 03–9191.

United States Court of Appeals, Second Circuit.

Dec. 20, 2004.

Peter D. Moss, Fairfax, VT, for Appellant, pro se.

Heather R. Boshak, Grotta, Glassman & Hoffman, P.A., Roseland, NJ, for Appellees.

Present: MESKILL, SACK, and B.D. PARKER, Jr., Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Peter D. Moss appeals the October 14, 2003, judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*) dismissing Moss's complaint alleging that he suffered injury

as a result of the defendants' behavior in defending against his and his wife's ongoing litigation concerning the 1991 termination of his wife from the Stinnes Corporation. The defendants cross-appeal the district court's denial of their application for an injunction pursuant to the All Writs Act, 28 U.S.C. § 1651(a), to prevent Moss from continuing to file actions on the same claims.

We review *de novo* the district court's application of the principles of *res judicata*. *See Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368–69 (2d Cir. 1997).

For the reasons stated in the district court's order, Moss's complaint was properly dismissed on *res judicata* grounds. Moss raised his present claims in prior proceedings. The fact that he titles his complaint differently in this case does not allow him to avoid the preclusive effect of *res judicata*. *See Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 874 (2d Cir.1991).

Like the district court, we decline at this time to issue the injunction that the defendants request.

We reiterate the district court's warning to Moss that further frivolous filings in this Court may result in an injunction against further filings by him and the imposition of and sanctions against him. *See Sassower v. Sansverie*, 885 F.2d 9, 10 (2d Cir.1989) (per curiam). The defendants' motion for Rule 38 sanctions is also denied.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. Any pending motions are hereby DENIED.