11-1705-cv
Zeevi Holdings Ltd. v. Republic of Bulgaria

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand twelve.

PRESENT: JON O. NEWMAN,
         RALPH K. WINTER,
         REENA RAGGI,
                 *Circuit Judges.*

-------------------------------------------------------------
ZEEVI HOLDINGS LTD.,
                 *Plaintiff-Appellant*,

            v.                          No. 11-1705-cv

REPUBLIC OF BULGARIA,
                 *Defendant-Appellee*.
-------------------------------------------------------------

APPEARING FOR APPELLANT:     FRANCIS HOLOZUBIEC (Melody Wells, *on the brief*), Kirkland & Ellis LLP, New York, N.Y.

APPEARING FOR APPELLEE:      ABBY COHEN SMUTNY (Anne D. Smith, Jonathan C. Ulrich, *on the brief*), White & Case LLP, Washington, D.C.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 30, 2011, is AFFIRMED.

Plaintiff Zeevi Holdings Ltd. ("Zeevi"), an Israeli corporation, appeals from the dismissal of its petition to confirm an international arbitration award against defendant Republic of Bulgaria ("Bulgaria") due to improper venue. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.  Interpretation and Enforcement of Agreement

Zeevi argues that the district court erred in construing the arbitral agreement's forum selection clause to identify Bulgarian courts as the exclusive forum for confirmation of arbitration awards against Bulgaria. See Zeevi Holdings Ltd. v. Republic of Bulgaria, No. 09 Civ. 8856 (RJS), 2011 WL 1345155, at *4–9 (S.D.N.Y. Apr. 5, 2011). On de novo review,[1] see S.K.I. Beer Corp. v. Baltika Brewery, 612 F.3d 705, 708 (2d Cir. 2010), we disagree.

---

[1] In contrast, we review a district court's decision whether to abstain from decision due to the pendency or availability of litigation in a foreign forum only for abuse of discretion. See J.P. Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V., 412 F.3d 418, 422 (2d Cir. 2005); Diorinou v. Mezitis, 237 F.3d 133, 139 (2d Cir. 2001).

Insofar as Zeevi contends that the district court "abandon[ed] its 'strictly limited' role and utilize[d] a highly expansive reading of a disputed contractual provision as a basis to deny confirmation," Appellant's Br. at 25, we are not persuaded. Though Article V of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 [hereinafter New York Convention], explicitly lists five grounds under which a court may refuse to recognize or enforce an international arbitration agreement on the merits, see 9 U.S.C. § 207 (2006), confirmation proceedings "are subject to the rules of procedure that are applied in the courts where enforcement is sought," In re Arbitration Between Monegasque de Reassurances S.A.M. v. Nak Naftogaz of U.K.R., 311 F.3d 488, 495 (2d Cir. 2002) (affirming dismissal of confirmation petition based on forum non conveniens), and "[t]he enforcement of a forum selection clause through a Rule 12(b) motion to dismiss is a well-established practice," TradeComet.com LLC v. Google, Inc., 647 F.3d 472, 475 (2d Cir. 2011). In following this practice, the district court did not impose conditions substantially more onerous than those that would be imposed in a proceeding to confirm a domestic arbitral award. See Monegasque de Reassurances S.A.M., 311 F.3d at 495.

"Determining whether to dismiss a claim based on a forum selection clause involves a four-part analysis," Phillips v.

3

Audio Active, Ltd., 494 F.3d 378, 383 (2d Cir. 2007), only the third and fourth parts of which are in dispute here.  The third part asks whether the claims and parties are subject to the forum selection clause, a question of contract interpretation.  See id. at 383, 386.  Here, the agreement has two forum selection clauses, the first of which requires the parties to arbitrate disputes in Paris, as was done here; and the second of which provides that "[t]he execution of an award against the Seller [i.e., the Privatization Agency of the Republic of Bulgaria] may be conducted only in Bulgaria in accordance with the provisions of Bulgarian law."  J.A. 996-97.

In urging that this action does not fall within the latter forum selection clause, Zeevi maintains that it is seeking only the recognition of the award, and that the word "recognition" is customarily used to describe proceedings to convert an arbitral award into a domestic court judgment, whereas the terms "execution" and "enforcement" are customarily used to refer to later proceedings to collect on such a judgment.  See Inter-American Convention on International Commercial Arbitration art. V, Jan. 30, 1975, 14 I.L.M. 336 (implemented at 9 U.S.C. § 301-07) (discussing "recognition and execution" of awards); New York Convention art. V, § 2, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (discussing "recognition and enforcement" of awards).

4

Much of the present dispute arises from the facts that the parties stipulated that the English-language version of the arbitral agreement would control, J.A. 1051, and the English word "execution" does not necessarily cover confirmation of an award. The district court reasoned that because "the parties provided explicit procedures for arbitration and 'execution' of an award, it is . . . implausible that the parties specifically contemplated, but then remained silent on, an intermediate" recognition or confirmation step that could properly occur outside Bulgaria. Zeevi Holdings Ltd. v. Republic of Bulgaria, 2011 WL 1345155, at *5. It concluded, therefore, that the agreement is properly construed to provide for arbitration of all disputes in Paris, and for all proceedings on an award (whether seeking judicial recognition or enforcement) in Bulgarian courts.

While this inference from structure is arguable, it suffers from implicitly acknowledging that confirmation and execution are English words that generally distinguish between different proceedings. However, while the English language version of the contract governs, the arbitral agreement is to be "governed by and construed in accordance with the laws of Bulgaria." J.A.1050. The parties agreed at oral argument that, under Bulgarian law, a foreign arbitral award cannot be executed upon in Bulgaria until it has been confirmed by a Bulgarian court. While confirmation and execution are separate proceedings under

5

Bulgarian law, execution in Bulgaria must be preceded by confirmation in Bulgaria. By requiring execution only in Bulgaria, the parties necessarily also required confirmation in Bulgaria, and the district court's view that the parties would not have left the forum for recognition - confirmation – unspecified is sustainable.

Zeevi also does not show that the district court erred, at part four of the Phillips analysis, in finding that Zeevi failed to rebut the presumption that the forum selection clause is enforceable. See Phillips v. Audio Active, Ltd., 494 F.3d at 383. A party may avoid enforcement of a forum selection clause only where (1) the clause is the result of fraud or overreaching, (2) the complaining party will for all practical purposes be deprived of a day in court due to the grave inconvenience or unfairness of the selected forum, (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy, or (4) the clause contravenes a strong public policy of the forum state. See Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1363 (2d Cir. 1993).

Insofar as Zeevi relies on (2), we identify no error in the district court's conclusion that Zeevi failed to make the required "strong showing," Phillips v. Audio Active Ltd., 494 F.3d at 384, that the grave inconvenience or unfairness of the selected forum would cause Zeevi to be deprived of its day in court. Even assuming that Zeevi's employees and agents were

6

subjected to harassment by Bulgarian government officials, nothing in the record suggests that the courts of Bulgaria are gravely inconvenient or unfair. See Roby v. Corp. of Lloyd's, 996 F.2d at 1363. Weidner Commc'ns, Inc. v. H.R.H. Prince Bandar al Faisal, 859 F.2d 1302 (7th Cir. 1988), and Harris Corp. v. National Iranian Radio and Television, 691 F.2d 1344 (11th Cir. 1982), are inapposite, as neither involved the inconvenience/unfairness exception. Indeed, Harris Corp. did not even involve a forum selection clause.

Nor do we identify any error in the district court's determination that Zeevi failed to make a strong showing that Bulgarian law is so fundamentally unfair that Zeevi may be deprived of a remedy. As the district court observed, Bulgaria's expert cited numerous cases in which that nation's courts issued judgments against state entities and recognized foreign arbitral awards against the government. See Zeevi Holdings Ltd. v. Republic of Bulgaria, 2011 WL 1345155, at *7. Insofar as Zeevi contends that Bulgarian law is unfair because it provides no legal mechanism to force the government to actually pay a judgment obtained against it, the argument is irrelevant to this proceeding. The only remedy sought here by Zeevi is recognition or confirmation of the arbitration award, as opposed to execution or enforcement of a court judgment, which the parties agree may only occur in the Bulgarian courts.

7

2.   Deference as a Matter of Comity

Zeevi also contends that the district court erred in refusing to defer, as a matter of comity, to an Israeli court's decision declining to construe a forum selection clause to require that confirmation proceedings be brought in Bulgarian courts.  While a domestic court may give preclusive effect to a foreign court's adjudication of a particular issue as a matter of comity, it is not obliged to do so.  See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc., 369 F.3d 645, 654 (2d Cir. 2004); Diorinou v. Mezitis, 237 F.3d 133, 139-40 (2d Cir. 2001).  Although comity, even when used in this sense, is not mandatory, we have held that a district court's decision whether to defer to a foreign tribunal's prior adjudication of an issue is a mixed question of law and fact, which we review de novo, mindful that American courts normally accord considerable deference to foreign adjudications.  See Diorinou, 237 F.3d at 140, 142.

Under ordinary preclusion principles, issue preclusion applies only where (1) the identical issue was raised in the prior proceeding; (2) the issue was actually litigated and decided; (3) the party against whom preclusion is urged had a full and fair opportunity to litigate the issue; and (4) resolution of the issue was necessary to support a valid and final judgment on the merits.  See In re Teligent, Inc., 640 F.3d

8

53, 61 (2d Cir. 2011)(emphasis added).  "[I]ssues are not identical when the legal standards governing their resolution are significantly different."  Computer Assocs. Int'l, Inc. v. Altai, Inc., 126 F.3d 365, 371 (2d Cir. 1997); see generally 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 4417, at 448–65 (2d ed. 2002).

This last point is critical here because the Israeli court's construction of the forum selection clause was informed by a contract interpretation principle of Israeli law that a "stipulation that impairs the extent of the authority of the court . . . must be interpreted narrowly."  J.A. 1678; see also id. at 1679–80 ("When we are to choose between two ways of interpretation, one that preserves the authority of the court and the other which revokes it, the tendency is to lean toward that which preserves the authority of the court.").[2]  Here, however, the parties agree that Bulgarian contract law, rather than Israeli contract law, properly governs the interpretation of the forum selection clause, and Zeevi points to no similar principle of contract interpretation followed by Bulgarian courts.  In light of this significant difference in the applicable law, see

---

[2] Although Zeevi faults Bulgaria for failing to argue before the Israeli court that it should apply Bulgarian contract law, the record is clear that Bulgaria did argue repeatedly before the Israeli court that Bulgarian contract law should have governed that court's interpretation of the forum selection clause.

Computer Assocs., 126 F.3d at 371, we conclude that the issue decided by the Israeli court was different from the issue presented in this case and, thus, that the district court properly declined to defer to the Israeli court's construction of the forum selection clause.[3]

3.    Conclusion

We have considered Zeevi's remaining arguments and conclude that they are without merit.  Accordingly, the district court's judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE,
Clerk of Court

---

[3] In light of this conclusion, we need not reach Bulgaria's argument that comity and preclusion principles do not apply to international arbitration award confirmation proceedings.