*In re Hamilton*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

_____

Gertrude Coretta Fennell Hamilton,

> *Plaintiff-Appellant*,

> v.                                                                              14-4406

Mark IV Industries, Inc., Skadden, Arps, Slate,
Meagher & Flom LLP, Ogletree, Deakins, Nash,
Smoak & Stewart, P.C., J. Eric Ivester, New York
Attorney, Jay M. Goffman, New York Attorney,
Susanna H. Murray, SC Attorney, Eric C.
Schweitzer, SC Attorney, Catherine B. Templeton,
Attorney,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                          Gertrude Coretta Fennell Hamilton, pro se,
                                                                          Walterboro, SC.

FOR DEFENDANT-APPELLEE
MARK IV INDUSTRIES, INC.:

George Abraham Zimmerman, Lawrence Steven Spiegel, Esq., Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

FOR DEFENDANTS-APPELLEES
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP.; J. ERIC IVESTER, NEW
YORK ATTORNEY; JAY M. GOFFMAN,
NEW YORK ATTORNEY:

George Abraham Zimmerman, Lawrence Steven Spiegel, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY; Gary Greenbert, Esq., New York, NY.

FOR DEFENDANTS-APPELLEES
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.; SUSANNA H. MURRAY,
SC ATTORNEY; ERIC C. SCHWEITZER,
SC ATTORNEY; CATHERINE B.
TEMPLETON, ATTORNEY:

Aaron Warshaw, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Gertrude Coretta Fennell Hamilton, proceeding pro se, appeals from a judgment of the district court granting summary judgment in favor of the defendants and enjoining Hamilton from filing new actions in the Southern District of New York concerning her previous employment with Dayco Incorporated, or concerning Dayco's New York bankruptcy action. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

I.       **Summary Judgment**

We review *de novo* a district court's grant of summary judgment. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). "Summary judgment is appropriate only if

the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Id.* We resolve all ambiguities and draw all inferences in favor of the non-movant. *Nationwide Life Ins. Co. v. Bankers Leasing Assoc., Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U.S. 574, 587 (1986). We also review *de novo* a district court's application of res judicata and collateral estoppel principles. *Comp. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997).

Upon review, we conclude that the district court properly granted summary judgment to the defendants. We affirm for substantially the reasons stated by the district court in its well-reasoned and thorough October 31, 2014 Order. *See In re Hamilton*, No. 14-cv-1400-AJN (S.D.N.Y. Oct. 31, 2014).

## II.     Filing Injunction

We review a district court's filing injunction for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). A district court must provide a litigant with notice and an opportunity to be heard before imposing a filing injunction. *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam).

The district court did not abuse its discretion in enjoining Hamilton from filing further lawsuits relating to her employment with Dayco or to Dayco's bankruptcy proceedings. Hamilton has raised the same claims in multiple other actions and venues. Moreover, the district court gave Hamilton notice and an opportunity to be heard prior to imposing the filing injunction, and Hamilton opposed the filing injunction in her opposition to the defendants' motions for

3

summary judgment. The district court considered her arguments and properly determined that nothing "short of a filing injunction will protect the courts and other parties given that several judges have detailed precisely why [Hamilton's] claims are barred, meritless, or otherwise unavailing." *Hamilton*, slip op. at 15.

We have considered all of Hamilton's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left:50%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

</div>