SUMMARY ORDER

Plaintiff-appellant Gertrude Coretta Fennell Hamilton, proceeding pro se, appeals from a judgment of the district court granting summary judgment in favor of the defendants and enjoining Hamilton from filing new actions in the Southern District of New York concerning her previous employment with Dayco Incorporated, or concerning Dayco’s New York bankruptcy action. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
I, Summary Judgment
We review de novo a district court’s grant of summary judgment. . Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir.2003). “Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.” Id. We resolve all ambiguities and draw all inferences in favor of the non-movant. Nationwide Life Ins. Co. v. Bankers Leasing Assoc., Inc., 182 F.3d 157, 160 (2d Cir.1999). Summary judgment is appropriate “[wjhere the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.” Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). We also review de novo a district court’s application of res judicata and collateral estop-pel principles. Comp. Assocs. Int’l, Inc. v. Altai Inc., 126 F.3d 365, 368 (2d Cir.1997). Upon review, we conclude that the district court properly granted summary judgment to the defendants. We affirm for substantially the reasons stated by the district court in its well-reasoned and thorough October 31, 2014 Order. See In re Hamilton, No. 14-cy-1400-AJN (S.D.N.Y. Oct. 31, 2014).
II. Filing Injunction
We review a district court’s filing injunction for abuse of discretion. Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir.2009). A district court must provide a litigant with notice and an opportunity to be heard before imposing a filing injunction. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir.1998) . (per curiaip).
The district court did not abuse its discretion in enjoining Hamilton from filing further lawsuits relating to her employment with Dayco or to Dayco’s bankruptcy proceedings. Hamilton has raised the same claims in multiple other actions and venues. Moreover, the district court gáve Hamilton notice and an opportunity to be heard prior to imposing the filing injunction, and Hamilton opposed the filing injunction in her opposition to the defendants’ motions for summary judgment. The district court considered her arguments and properly determined that nothing “short of a filing injunction will protect *712 the courts and other parties given that several judges have detailed precisely why [Hamilton’s] claims are barred, meritless, or otherwise unavailing.” Hamilton, slip op. at 15.
' We have considered all of Hamilton’s arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.